[No. 20295.   In Bank. — September 28, 1887.]

THE PEOPLE, RESPONDENT, v. THOMAS FLYNN, APPELLANT.

CRIMINAL LAW — BURGLARY — CONVICTION — CIRCUMSTANTIAL EVIDENCE. — A conviction for burglary may be had on circumstantial evidence, although no witness actually saw the defendant break and enter the burglarized premises, or saw him in that vicinity about the time the burglary was committed.

ID. — FAILURE OF DEFENDANT TO TESTIFY — PRESUMPTION OF GUILT — INSTRUCTION. — Where a defendant in a criminal prosecution does not testify as a witness in his own behalf, the failure of the court to instruct the jury not to consider his failure to testify as presumptive evidence of guilt is not error, if no such instruction was requested by the defendant.

ID. — INSTRUCTIONS — REASONABLE DOUBT. — In a prosecution for burglary a particular instruction to the effect that the jury might convict, if satisfied of the defendant's guilt, will not be deemed erroneous when the instructions, taken as a whole, clearly state that the defendant's guilt must be established beyond a reasonable doubt before a conviction can be had.

ID. — EVIDENCE — WITNESS WILLFULLY FALSE. — Under section 2061 of the Code of Civil Procedure, the court may instruct the jury to distrust or reject in its entirety the testimony of a witness who has willfully testified falsely in regard to any one person or any particular fact in the case.

ID. — CONFLICT OF EVIDENCE — FACT OF MAY BE STATED BY COURT. — The mere statement by the court in its instructions that there is a conflict in the evidence in certain respects is not an expression of opinion upon the weight of the evidence, or a charge with respect to matters of fact.

ID. — REASONABLE DOUBT — FAILURE TO DEFINE. — The failure of the court in its instructions to define the meaning of the words "reasonable doubt" is not erroneous, if no specific instruction upon that subject was requested by the defendant.

Id. — Prior Convictions — Confession of — Reading Information to Jury — Presumption. — The defendant was charged by information with burglary, and with prior convictions of robbery and burglary. When called upon to plead, he acknowledged the prior convictions, and pleaded not guilty to the charge in the information. After the jury was impaneled, the information was read, and the defendant's plea duly stated to them. So far as shown by the record, no reference was made to the charge of prior convictions during the trial, either in the instructions of the court or otherwise. The jury found the defendant guilty of burglary in the first degree, but did not find in reference to the prior convictions, and the court sentenced him to imprisonment for only ten years, instead of imposing the extreme penalty of the law. Before sentence was pronounced, the charge of prior convictions was withdrawn. *Held,* that in the absence of an affirmative showing to the contrary, it would be presumed that the clerk, in reading the information to the jury, omitted to read the charge of prior convictions, as required by section 1093 of the Penal Code.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*George A. Knight,* for Appellant.

*Attorney-General Johnson,* for Respondent.

Belcher, C. C.— The defendant was charged with the crime of burglary, committed on the third day of May, 1886, by breaking and entering the saloon of one Clement Dixon, in the city of San Francisco, with intent to commit larceny. He was tried and convicted of burglary of the first degree, and sentenced to suffer imprisonment for ten years. He moved for a new trial, and has appealed from the order denying his motion and from the judgment.

The appellant makes ten points for the reversal of the judgment, the first five of them relating to the evidence, which, it is claimed, did not justify the verdict.

It was clearly proved that a burglary was committed at the time and place named in the information, and it was not necessary, in order to establish the defendant's

guilt, that any of the witnesses should have actually seen him break and enter the premises, or should have seen him in the vicinity of the premises about the time the burglary was committed. It rarely happens that an offense, like that here complained of, can be proved by witnesses who saw and recognized the defendant in the act, and resort must, therefore, ordinarily be had to circumstantial evidence. And the fact that one was seen near the place where a burglary was committed, and about the time of its commission, may or may not be a circumstance tending to show guilt, but it cannot be necessary in every case of burglary to prove that the defendant was so seen before a conviction can be had.

Here there was some evidence tending to connect the defendant with the commission of the offense charged. A considerable sum of money was stolen, and one of the pieces of money taken was found in the possession of and was claimed by the defendant when he was arrested on the next day.

The court properly instructed the jury as to the possession of recently stolen property, and as to the necessity of other corroborating circumstances being shown before one having such possession could be found guilty.

It is unnecessary to detail the evidence at length. The question was, Did the defendant commit the crime charged against him? That was a question of fact for the jury, and as the jury found that he did commit it, we cannot say that the judgment should be set aside because the finding was not warranted.

It is next contended that sundry errors were committed by the court to the manifest prejudice of the defendant.

The defendant did not take the stand as a witness in his own behalf, and the court did not instruct the jury in reference to his failure to do so. It is claimed that " it was the duty of the court to charge the jury that no presumption of guilt followed from his failure to testify

in his own behalf, and that they could not consider his failure to testify in arriving at a verdict." It does not appear from the bill of exceptions that any such instruction was asked. If counsel for defendant desired such an instruction to be given, they should have asked it at the proper time; and as they failed to do that they cannot now be heard to complain. (*People* v. *Haun*, 44 Cal. 100; *People* v. *Ah Wee*, 48 Cal. 239; *People* v. *Marks*, 72 Cal. 46.)

In a portion of its charge to the jury the court used the following language: "And if you are satisfied that the defendant is guilty of the offense charged, and that he committed it in the night-time, that is, between sunset of one day and sunrise of the next, you should find him guilty of burglary in the first degree."

It is claimed that this instruction was erroneous because it omitted the words "beyond a reasonable doubt," and left the jury to be simply "satisfied" of the defendant's guilt, no matter whether they entertained a reasonable doubt of his guilt or not. Looking at the whole charge, it will be found that the words "beyond a reasonable doubt" are repeated some fifteen times. For example, the court told the jury: "It devolves upon the prosecution to establish the guilt of the defendant to your satisfaction beyond a reasonable doubt before you are authorized to find a verdict against him."

"All persons charged with a criminal offense are presumed to be innocent until the jury are satisfied beyond a reasonable doubt of their guilt."

"If you have a reasonable doubt as to the guilt or innocence of the defendant, you should give him the benefit of the doubt and acquit him."

"You must be satisfied in the case beyond a reasonable doubt from all the facts and circumstances of this defendant's guilt before you will be authorized to bring in a verdict against him."

"If you entertain a reasonable doubt of his guilt, how-

ever, you should give him the benefit of the doubt and acquit him."

And the very next sentence after that complained of is as follows: " If you are satisfied beyond a reasonable doubt that he is guilty of burglary, but are not satisfied beyond a reasonable doubt that it was committed in the night-time, you should give him the benefit of that doubt, and find him guilty of burglary in the second degree."

Taking, then, the whole charge, and reading, as we must, the different parts of it together, it appears that the jury were clearly told that they could not find the defendant guilty of burglary of the first degree, or at all, unless they were satisfied of his guilt beyond a reasonable doubt. We are unable, therefore, to see how the defendant could have been prejudiced by the part of the charge objected to.

The court also, in its charge, used these words: " If you are satisfied that any witness has willfully testified falsely in regard to any one person, or any one particular fact in the case, then you are authorized to distrust his or her testimony in all particulars; that is, you may reject it entirely if you choose to do so, or you may reject it in part, and receive it in part, as you find it contradicted or sustained by other testimony, as you are satisfied of its truth or falsity."

It is claimed that the instruction was erroneous; that it should only have told the jury that they were authorized to distrust or reject the testimony of a witness who had willfully sworn falsely " as to a material point " in the case. We think the instruction was properly given. The rule, as stated in the Code of Civil Procedure, is, " that a witness false in one part of his testimony is to be distrusted in others." (Sec. 2061, subd. 3.) If a witness has willfully testified falsely as to " any one person or any one particular fact in the case," his testimony, we think, comes clearly within the rule; and we see

nothing in *People* v. *Sprague*, 53 Cal. 491, in conflict with this view. (See *People* v. *Treadwell*, 69 Cal. 238.)

The court further stated to the jury that "there is some conflict in the testimony in regard to where this money was obtained, when it was obtained, and where he was a part and portion of the night." This is complained of as being a charge with respect to matters of fact, in violation of section 19 of article 6 of the constitution.

We do not think the objection well taken. Judges may state the testimony, and declare the law, but must not express an opinion upon the weight of the evidence. We are unable to see how the mere statement that there is a conflict in the evidence in certain respects can be regarded as the expression of an opinion upon the weight of the evidence, or a charge with respect to matters of fact. In *People* v. *Casey*, 65 Cal. 261, cited by appellant, the court instructed the jury that "the testimony in the case shows that the defendants," etc. This was held to be erroneous, and the court said: "To state the testimony is one thing; to declare what it shows is another and very different thing. It is for the jury exclusively to determine what the testimony shows." That case is not in point here.

The court in its charge nowhere defined or stated what is meant by the words "reasonable doubt," and this failure is assigned as error.

No specific instruction upon the subject was asked by the defendant. Possibly he and his counsel then thought that the phrase was so familiar that no definition was required. However this may have been, the fact, as we have seen, that they failed to ask for the instruction is a full answer to the point which they now make.

The last point to be considered relates to certain charges of prior convictions found in the information. Defendant was charged with burglary, and with prior convictions of robbery and burglary. When called upon

to plead, he "acknowledged the prior convictions, and pleaded not guilty to the charge in the information." After the jury was impaneled, " the information charging the defendant with the crime of burglary was read, and his plea of not guilty duly stated." The court ·did not instruct the jury in relation to the charge of prior convictions, and, so far as appears, no reference was made to that charge by any one during the whole progress of the trial. The jury found the defendant guilty of burglary in the first degree, but did not find in reference to the prior convictions. Before judgment was pronounced, the prior convictions were withdrawn, on motion of the district attorney.

It is claimed that, as the information contained charges of prior convictions, these charges must have been read to the jury, and that they impeached the character of defendant, and, without doubt, prejudiced the jury against him, to his injury. We see nothing to indicate that the charges of prior convictions were read to the jury. Section 1093 of the Penal Code provides:—

"If the indictment or information be for felony, the clerk must read it, and state the plea of the defendant to the jury; and in cases where it charges a previous conviction, and the defendant has confessed the same, the clerk in reading it shall omit therefrom all that relates to such previous conviction." As the defendant, when arraigned, confessed the previous convictions, we must presume that the clerk obeyed the law and omitted the reading of all that related to those charges.

The court might have sentenced the defendant to imprisonment for fifteen years. The extreme penalty was not pronounced, but the sentence was for ten years only. As the previous convictions were withdrawn, it must be presumed that the court paid no attention to them in pronouncing judgment, and that the sentence

would have been the same if the previous convictions had not been charged in the information.

We conclude, from an examination of the whole record, that the judgment and order should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.