## THE PEOPLE *v.* MARTÍNEZ.

### APPEAL from the District Court of San Juan.

No. 225.—Decided February 15, 1910.

CRIMINAL LAW—SEDUCTION—AMENDMENT OF SECTION 250 OF THE CODE OF CRIMINAL PROCEDURE AFTER TRIAL WAS HELD.—In seduction cases tried prior to March 11, 1909, when section 250 of the Code of Criminal Procedure was amended, the uncorroborated testimony of the offended woman is sufficient upon which to base a conviction of the accused.

ID.—LAW APPLICABLE AT TIME OF TRIAL.—This court must review a judgment by the light of the law in force at the time the trial was held and not at the time the appeal was taken.

ID.—INSTRUCTIONS ERRONEOUS BUT NOT OBJECTED TO.—Although a judge should not instruct the jury by referring it to the instructions given in previous analogous cases, nevertheless, inasmuch as in this particular case counsel for the defendant made no objection and did not ask for further instructions, there is no reason to reverse the judgment.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The appellant in this case was convicted on September 24, 1908, of the crime of seduction, in the District Court of San Juan, and condemned to suffer eight months imprisonment at hard labor in the penitentiary. From this judgment he took an appeal two days subsequently, and the transcript was filed in this court on January 4, 1910; more than 15 months later. No reason is shown for this great and unreasonable delay.

The appellant filed no brief in the case, but was represented by counsel in oral argument. It is a bad practice for counsel to rely altogether on oral argument; they should always file a brief at least embracing a memorandum of the points on which they rely for a reversal and a reference to the authorities which, as they suppose, sustain their contentions.

The main point made in the oral argument by the counsel for the accused was that the evidence of the injured woman was not corroborated by other testimony as required by section 250, of the Code of Criminal Procedure, as the same is amended by the Act of March 11, 1909. This amendment makes the said section of the Code of Criminal Procedure referred to applicable to cases of seduction and rape as well as the other crimes theretofore mentioned. We have often held heretofore that the testimony of the prosecutrix in cases of seduction required no corroboration to support a judgment of conviction. (See *People* v. *Santos,* 8 P. R. Rep., 348; *People* v. *Cintrón,* 13 P. R. Rep., 216; and *People* v. *Martínez,* 13 P. R. Rep., 241.) Of course the statute recently enacted, on March 11, 1909, nullifies these decisions in cases arising thereafter. But this trial took place in the month of September, 1908, and judgment of conviction was rendered on the twenty-fourth of that month. It was impossible for the trial judge to follow the statute of March 11, 1909, which had not then been enacted. He did follow the law as it existed at the date

of the trial. The transcript was filed here after the new law was passed. But we must consider this judgment in the light of the law which existed at the date of its rendition and not as it now appears on the statute book.

It is true that a law such as this, only affecting the remedy as in the consideration of the evidence is not *ex post facto,* but it can only affect trials held after it goes into effect and not those already finished. So that the judgment of conviction rendered in this case is not affected by the law of March 11, 1909.

In the charge to the jury the trial court says: "I have told you, on different occasions, what is a reasonable doubt; and I believe that it is not necessary to tell you again at this moment." It may be supposed that the same jury had been serving in other cases at the same term, from this remark of the trial judge. But it is not a proper practice to present any case to a jury by reference to charges given in other cases. Every jury empanelled for the trial of any case is a distinct body from a jury which may have tried another case or cases; though it may possibly be composed of identically the same men. However, this informality was not complained of by the accused, nor did he try to correct the same by asking instructions properly defining a reasonable doubt; so that he has no cause of complaint of any prejudice to his rights. (*People* v. *Flynn,* 73 Cal., 516.) The charge is in other respects unobjectionable and substantially correct.

There is some contradiction in the testimony as to the previous chaste character of the girl, alleged to have been seduced. But these matters were fairly submitted to the jury, whose province it was to reconcile them or to choose between them which witness was worthy of credence. They have done so; and there is no reason to disturb their decision.

On examination of the entire record no fundamental error is found to have occurred; and consequently the verdict and

judgment must be allowed to stand, as rendered in the trial court.

*Affirmed.* .

Chief Justice Hernández and Justices Figueras, Wolf and del Toro concurred.