[Crim. No. 1641. First Appellate District, Division Two.—November 5, 1931.]

THE PEOPLE, Respondent, v. ANGELO BASUINO, Appellant.

Alfred J. Hennessy and William J. Gloria for Appellant.

U. S. Webb, Attorney-General, Ralph O. Marron, Deputy Attorney-General, and Seibert Sefton for Respondent.

SPENCE, J.—The defendant was convicted of having committed first degree burglary and was sentenced to imprisonment in the state prison. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

On the night in question the drug-store of Robert Miller, doing business as Miller Pharmacy, on Market Street near Front Street in San Francisco, was entered and a bag of money and also other articles including a flashlight, a pair of gloves, a jimmy and a towel were stolen therefrom. These facts were brought to the attention of the police on the following morning. In the meantime the defendant Basuino and one Itala Fulliaresse, his co-defendant, had been arrested between 2 and 3 o'clock A. M. when seen about two and one-half blocks from the drug-store. At the time of their arrest all of the stolen property was in their possession and Fulliaresse was carrying a loaded revolver. The defendants attempted to explain their possession of the stolen property by stating that they had broken into an automobile on the Embarcadero and taken it. The officers immediately took the defendants to the Embarcadero, but the alleged automobile from which they said the property had been taken could not be located.

■ Appellant contends that the verdict is contrary to the law and the evidence. In this connection it is stated that "there is no evidence that the defendant Basuino entered the premises in question and that the only evidence against him is that he was found in company of the codefendant Fulliaresse who had the alleged stolen articles in his possession on the morning of the robbery". While it is true that there is no direct evidence to show that appellant entered the premises, it is well settled that such direct evidence is not required. As was said in *People* v. *Flynn,* 73 Cal. 511, at page 512 [15 Pac. 102, 103], "It was clearly proved that a burglary was committed at the time and place named in the information, and it was not necessary, in order to establish the defendant's guilt, that any of the witnesses should have actually seen him break and enter the premises, or should have seen him in the vicinity of the premises about the time the burglary was committed. It rarely happens that an offense, like that here complained of, can be proved by witnesses who saw and recognized the defendant in the act, and resort must, therefore, ordinarily be had to circumstantial evidence."

■ Appellant is in error in stating the evidence relating to the possession of the stolen property, as it did not appear that the property was found solely on the person of appellant's co-defendant. There is some confusion in the testimony of the two police officers relating to what property was taken from the possession of each of the two defendants. Nevertheless one of the officers testified that the towel with the money wrapped in it was in the possession of appellant and that appellant attempted to pass it to his co-defendant Fulliaresse while in front of the booking desk at the police station. Whatever confusion may be said to exist in the officers' testimony relating to which of the defendants was in possession of the money, there is no conflict in their testimony to the effect that the towel was in the possession of appellant and that he attempted to pass it to Fulliaresse at the police station. The evidence was sufficient to show that some of the stolen property was in the possession of each of the defendants.

Appellant further cites and relies upon authorities to the effect that evidence of the unexplained possession of stolen property standing alone is insufficient to justify a conviction,

but all these authorities recognize that such possession is a circumstance that may be considered where other incriminating circumstances are shown. In the present case the evidence showed that appellant had worked for some time at the bootblack stand adjacent to the pharmacy; that he was arrested at a late and unusual hour on the night that the crime was committed at a place but a short distance from the scene of the crime; that at the time of his arrest appellant and his co-defendant had in their possession all of the stolen property and that appellant's co-defendant was armed with a loaded revolver; that while at the police station appellant endeavored to pass some of the stolen property to his co-defendant and when asked "what was the idea of passing the towel", neither defendant made any reply; that defendants were unable to authenticate their attempted explanation of the manner in which they obtained possession of the stolen property and that their story with respect thereto was entirely unworthy of belief. The foregoing brief summary shows that appellant's conviction did not rest solely upon the evidence of the possession of stolen property but rested upon evidence of such possession and evidence of other incriminating circumstances which, taken together, were ample to sustain the verdict.

Appellant further contends that there was prejudicial misconduct in the remarks of the district attorney and that the trial court committed error in ruling upon his objection to said remarks. He asserts that the district attorney "told the jury in so many words that if they did not bring in a verdict of guilty they would be dishonest". In making this assertion appellant does not state the language used but places his own interpretation on the remarks of counsel. The district attorney after summing up the circumstances in evidence, stated in effect that in his opinion the evidence was such that if twelve honest friends of the defendant were called upon to act as jurors and would decide the case "fairly and squarely, according to the evidence, they would return a verdict of guilty". Counsel for appellant objected to the statement, assigned it as misconduct and requested the court to instruct the jury to disregard it. The trial court overruled the objection and stated to the jury "If counsel, in his argument, goes beyond the evidence, it is your duty, members of the jury, to disregard it." The line of argument

employed is not to be commended, but it is not analogous to that in *People* v. *Hail*, 25 Cal. App. 342 [143 Pac. 803, 809], relied upon by appellant. There the jury was told "Should you do it (acquit the defendant) you would be afraid to go out on the street and meet your fellow men." The court there points out on pages 357 and 358 of 25 Cal. App. that the effect upon the jury of the statement of the district attorney "was to intimidate or influence them to return a verdict of conviction regardless of their views as to the effect of the evidence" and that "The language complained of amounts, substantially, to a direct declaration to the jury that, if they did not convict the defendant, they would lose the respect and confidence of their friends and neighbors. Thus the question of the honesty and the integrity of the jury was injected into the case. In other words, the jurors themselves were put on trial by the district attorney, . . ." Although that case was reversed, the court clearly stated in its opinion that even the argument there employed would not necessarily require a reversal under all circumstances. In the present case we are of the opinion that there was nothing in the remarks of the district attorney which directly challenged the honesty and integrity of the jurors or which would intimidate them or cause them to return a verdict regardless of their own views of the evidence. The district attorney merely adopted this rather unusual manner of expressing his own opinion concerning the strength of circumstances to prove the guilt of the defendants. A reading of the record leads to the conclusion that there was no prejudicial error in the remarks of the district attorney nor in the ruling of the trial court upon the objection thereto.

The judgment and order appealed from are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.