[Crim. No. 2871. Second Appellate District, Division Two.—May 18, 1936.]

THE PEOPLE, Respondent, v. RALPH V. SAVAGE et al., Appellants.

Samuel L. Rummel and Harry A. Kaplan for Appellants.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

GOULD, J., *pro tem.*—Indicted by grand jury, defendants were found guilty of second degree burglary after trial by the court, jury having been waived. From the court's judgment and order denying motion for new trial they appeal.

At the time of the crime charged appellants were employed as radio police officers by the Los Angeles police department, working a "prowl car" on a night shift. Aluminum ware in considerable quantities disappeared from a warehouse in the district which they frequented. Appellant Savage had visited the warehouse and had inspected the stockroom with the proprietor, promising police protection. Suspicion was fastened upon Savage by his remarks as to the ease of obtaining aluminum ware; search of his home uncovered numerous items similar to articles missing from the warehouse, and other pieces were found concealed under burlap in the basement of appellant Ford's father's house, including one item especially manufactured for the warehouse owner and missing from a set of four such pieces. Conflicting stories were told by Ford as to how he came into possession of the goods, which he admitted he had transferred from his own to his father's house when he learned that his codefendant was in trouble over the matter. Scratches and grooves about the warehouse lock indicated that it had been tampered with, and a piece of celluloid fitted to the grooves by police opened the door.

Appellants raise two points; that the evidence is insufficient to sustain the conviction and that error was committed in admitting statements of appellant Ford after his arrest.

Particularly it is urged that there was no evidence of entry of the building, a necessary element in the crime of burglary. Direct evidence that the accused entered the

144

premises is not required, but that fact may be proved by circumstantial evidence. (*People* v. *Basuino,* 118 Cal. App. 158 [4 Pac. (2d) 971]; *People* v. *Flynn,* 73 Cal. 511 [15 Pac. 102].) The condition of the door and the fact that it could be opened with a bit of celluloid were proper matters to be shown. (*People* v. *Howard,* 72 Cal. App. 561 [237 Pac. 780].) The possession of the stolen property by appellants, while not conclusive of guilt, was a circumstance to be considered by the court; and their failure to satisfactorily account for its honest possession, and the giving of false statements as to the manner of acquiring the goods, further point to culpability, supplying in fact a sufficient measure of corroborating evidence to warrant the conclusion that appellants were guilty. (*People* v. *Taylor,* 4 Cal. App. (2d) 214 [40 Pac. (2d) 870]; *People* v. *Russell,* 120 Cal. App. 622 [8 Pac. (2d) 209].)

Reviewing the whole record in the case, we conclude that there was sufficient evidence before the trial court to sustain its implied finding that appellants had entered the building.

■ As to the point that the court committed prejudicial error in admitting appellant Ford's extrajudicial statement, it is sufficient to refer to the case of *People* v. *Selby,* 198 Cal. 426 [245 Pac. 426], to answer the contention that such statements were not admissible until the *corpus delicti* was established. ''Concerning the admissibility of extrajudicial statements, admissions or confessions,'' says the court in the Selby case, ''it has been recently declared that 'proof of the *corpus delicti* of the conclusive and convincing character required to support a conviction of the crime charged was not a prerequisite to the reception in evidence of the extrajudicial statements of the defendant that he had killed the deceased. *Prima facie* proof of the *corpus delicti* was sufficient for that purpose; and it was not essential to the proof and purpose to show that the crime charged was committed by the defendant'. (*People* v. *Wagner,* 29 Cal. App. 363 [155 Pac. 649].)'' In the instant case it is apparent that under the rule above stated a *prima facie* showing as to the commission of the crime of burglary as charged in the indictment was made, sufficient to admit in evidence appellant Ford's extrajudicial statements.

The judgment and order are affirmed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 26, 1936, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 15, 1936.