FOURT, J.
 

 This is an appeal from a judgment of conviction of burglary in the second degree.
 

 In an information filed in Los Angeles on March 23, 1966, defendant was charged with burglary in that he did on January 26, 1966, enter the office and building occupied by Cal-Pacific Escrow Company with intent to commit a felony. It was further charged that on September 30, 1965, defendant was convicted of a violation of section 11530, Health and Safety Code. Defendant pleaded not guilty and denied the
 
 *494
 
 prior conviction. It was stipulated that the cause be submitted on the testimony contained in the transcript of the proceedings had at the preliminary hearing, with each side reserving the right to offer additional evidence. The defendant testified at the trial. Defendant was found guilty of burglary in the second degree. The charged prior conviction was found to be not true.
 

 A resume of the testimony taken at the preliminary hearing (March 9, 1966) is as follows: the Gal-Pacific Escrow Company, located on Santa Monica Boulevard, was secured for the day at about 6 p.m. on January 26, 1966. The office was in order. When an employee returned to work the next day at about 9 a.m., he observed that the office safe had been broken into, records and checks had been strewn about, desk drawers had been pulled out and the contents spilled onto the floor. About $13 in cash was missing from the safe. Some window panes had been broken out of a louvered window which opened out onto the roof on the second floor of the office. Broken glass was on the roof. The broken window could have been reached easily by means of a stairway in an adjoining building. The police appeared in answer to a call and examined all of the points of entry to the office, including the roof of the building. An officer found a wallet lying flat on the roof directly under the window where the glass had been broken. There was no money in the wallet. There apparently were several papers in the wallet, including, among others, a New York driver’s license of “Briggs, William J.,” a metal identification plate bearing the words “Veterans Administration Out-Patient Clinic” and the name “Briggs, Wm. J.,” and a white appointment card slip of the Veterans Administration Clinic bearing the name “Briggs, William, J.” The wallet was “protected” by the officer “for our latent print man to dust for prints.” The wallet was “printed” and later booked as evidence. The officer did not know the result of the examination for fingerprints on the wallet, nor did he know the result of the examination for fingerprints made inside the office.
 

 An officer arrested the defendant when he appeared at the Veterans Administration Out-Patient Clinic on February 4, 3966, for his appointment with the clinic. On cross-examination the officer was asked whether defendant had made a statement to him and the officer answered, “Yes, he did.” When asked by defendant’s counsel, “What did he say?” the prosecution objected and the objection was sustained.
 

 
 *495
 
 The prosecution rested and a motion by defendant to dismiss was denied. The prosecution in arguing that defendant should be bound over said, “It seems to me this [the wallet being found near the broken window] should create a strong suspicion that this defendant committed this specific burglary. ’ ’
 

 At the trial defendant testified that he was arrested on February 4, 1966, at the clinic; that about two weeks prior-thereto he had lost his wallet which contained a driver’s license belonging to him, an identification plate of the clinic bearing his name and a clinic appointment card with his name on it. Defendant said he had reported the loss to the secretary-on the 11th floor of the Veterans Administration Clinic to the end that he could get the appointment date verified. Defendant also testified on cross-examination that there ivas no money in the wallet when he lost it. It was further brought out on cross-examination of the defendant that he had a traffic ticket (which was found in the wallet) and he was to appear in traffic court on January 31, 1966. Defendant had kept in touch with his attorney with reference to the traffic ticket and other matters and was in the traffic court on January 31, 1966, with his attorney and was told by the clerk (of the traffic court) that his papers had been misplaced and that they would contact him in the future. The attorney for defendant on the occasion just mentioned was the public defender who apparently appeared for defendant at the preliminary hearing and at the trial in this ease.
 

 The prosecution waived opening argument. Defendant argued for acquittal. The reply of the prosecution was, “I will concede, your Honor, it is a circumstantial evidence case. That is about
 
 all I have is a strong suspicion.
 
 It is unfortunate that that is all the People have is the wallet found at the scene. ’’ (Italics added.)
 

 Defendant was found guilty and sentenced to the state prison.
 

 Appellant now asserts that the evidence is insufficient to support the judgment.
 

 It is true that in
 
 People
 
 v.
 
 Newland,
 
 15 Cal.2d 678, 681 [104 P.2d 788], it is said and often quoted: “If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the
 
 *496
 
 jury.” We are persuaded, however, that the evidence in this case does not reasonably justify the determination and judgment made by the court.
 

 The evidence raises merely a “strong suspicion” of the guilt of defendant and that is not enough. (See
 
 People
 
 v.
 
 Rascon,
 
 128 Cal.App.2d 118, 122 [274 P.2d 899].)
 

 In
 
 People
 
 v.
 
 Draper,
 
 69 Cal.App.2d 781, 785-786 [160 P.2d 80], it is appropriately said: “. . . A defendant, no matter how untrustworthy he may be, is not required to prove his innocence. The People must prove him guilty. With these observations we must proceed to consider the sufficiency of the evidence against Draper.
 

 ii
 

 “The foregoing evidence points the finger of suspicion at Draper, shows that he had an opportunity to participate in the commission of the crimes and proves that he was not a truthful witness. This is not sufficient to sustain the burden resting on the People of proving him guilty beyond a reasonable doubt for it is the rule here that evidence that merely raises suspicion, no matter how strong, of the guilt of a person charged with a crime is not sufficient to sustain a verdict and judgment against him. [Citations.] ”
 

 This court in
 
 People
 
 v.
 
 Wilkins,
 
 141 Cal.App.2d 557, 559-560 [297 P.2d 42], said: “There was no evidence whatever of guilt. Of course there was probably ground for suspicion but that, as a matter of law, is not sufficient. The doctrine of reasonable doubt is still in effect. ...” The court then quoted the language of
 
 Draper
 
 above set forth with approval.
 

 In
 
 People
 
 v.
 
 Blackwell,
 
 193 Cal.App.2d 420, 424-425 [14 Cal.Rptr. 224], it is set forth: “While the fact that an accused has an opportunity to commit the crime with which he is charged may be a circumstance from which guilt may be conjectured, it is nevertheless an established precept of law that an incriminating circumstance from which guilt may be inferred must not rest on conjecture. And by the same rule it is not permitted to pile conjecture on conjecture. [Citation.] That the circumstances were suspicious may be conceded, but mere surmise and conjecture are not enough.
 

 “The evidence in the present case is of a much flimsier character than that in
 
 People
 
 v.
 
 Flores, supra,
 
 [58 Cal.App.2d 764 (137 P.2d 167)],
 
 People
 
 v.
 
 Lewis,
 
 [81 Cal.App.2d 119 (183 P.2d 271)], and
 
 People
 
 v.
 
 Gibbons,
 
 [93 Cal.App.2d 28 (208 P.2d 411) ], in which it was held as a matter of law there was no evidence, substantial or otherwise, justifying an infer
 
 *497
 
 ence of the defendant’s guilt, and that therefore the evidence of guilt was legally insufficient.
 

 “As said in
 
 People
 
 v.
 
 Flores, supra,
 
 [citation]: ‘No man’s liberty should be taken from him upon such a flimsy showing as characterizes the evidentiary features of this case. ’ ”
 

 In
 
 People
 
 v.
 
 Tatge,
 
 219 Cal.App.2d 430, 435 [33 Cal.Rptr. 323], it is stated: “Moreover, suspicion is not evidence; it merely raises a possibility and that is not sufficient basis for an inference of fact. [Citations.] ”
 

 The Attorney General places considerable reliance in the 1887 case of
 
 People
 
 v.
 
 Flynn,
 
 73 Cal. 511, 512-513 [15 P.2d 102], as authority for the view that a defendant can be convicted of burglary upon circumstantial evidence and that it is not necessary for a conviction that a defendant be seen at or near the premises burglarized at or about the time of the burglary. No one can quarrel with that statement of the law, however in
 
 Flynn
 
 a considerable sum of money was stolen from a saloon and “one of the pieces of money taken was found in the possession of and was claimed by the defendant when he was arrested the next day.” Flynn did not take the stand as a witness in his own behalf and explain where or how the money came into his possession and the court did not instruct the jury with reference to his failure to do so.
 

 Nothing from the burglary in the case at bench was found in the possession of defendant, no fingerprint evidence was offered by the prosecution and presumably whatever prints were found, if any, were not of defendant. It is interesting to note that the officer found the wallet on January 27, 1966, and presumably observed the traffic citation in the wallet for defendant to appear in traffic court on January 31, 1966, and although defendant appeared in that court at the time and place designated with his attorney he was not arrested until he appeared at the clinic on February 4, 1966. The judgment is reversed.
 

 Wood, P. J., and Lillie, J., concurred.