NO. 07-02-0224-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 6, 2005
_____

JIMMY LEE FLORES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;

NO. 1998; HON. KELLY G. MOORE, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

On November 24, 2003, we issued our opinion overruling Jimmy Lee Flores' four issues and affirming the trial court's judgment. Appellant petitioned the Texas Court of Criminal Appeals for discretionary review. On September 15, 2004, that court vacated our judgment and remanded the cause for reconsideration in light of *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). At the time that we rendered our

initial opinion, *Crawford* had yet to be issued. Having reviewed *Crawford* and the record before us, we again affirm the judgment of the trial court.

The cause before us involves the conviction of Jimmy Lee Flores (appellant) for injury to a child by omission. During his trial, the State called his sister as a witness and asked her whether Shasta (the mother of Jimmy's child) had told her how the child was injured on a particular occasion. Appellant objected, contending that the answer was hearsay. So too did he assert that its admission would violate his right to confrontation since he could not question Shasta about the statement given her invocation of the spousal privilege.[1] The trial court overruled the objections and allowed the witness to testify. In doing so, the witness stated that Shasta said the child suffered bruising to its face when appellant attempted to hit her (Shasta) and she (Shasta) used the child to deflect the blow. Furthermore, the witness stated that Shasta "said that night that the baby died that the baby woke up and Jimmy was going to hit Shasta, and she put the baby in the way, and that's how he got his black eye."[2]

Given the status of the law at the time, we concluded that the trial court's decision did not run afoul of appellant's right to confront his accusers. Yet, as previously mentioned, since then the United States Supreme Court issued its opinion in *Crawford*. There, it changed the test previously utilized in assessing whether one was denied his right to

---

[1]Though Shasta and appellant were not married at the time of the incident, they married prior to trial.

[2]Appellant suggests that nothing in the record indicates when the utterance was made by Shasta. We disagree with this, however. Again, the witness began her response to the prosecutor's question with the phrase "[Shasta] said that night that the baby died . . . ." The quoted passage can reasonably be interpreted as disclosing that Shasta made the comment during the night that immediately followed the death of the infant. Since the infant died on the morning of October 28th, it, therefore, could be inferred that the statement was made during the night of October 28th.

2

confrontation. Gone is the test of reliability. In its place is a test based upon whether the statement is "testimonial" or "non-testimonial." *Crawford v. Washington*, 541 U.S. at 68, 124 S.Ct. at 1374, 158 L. Ed.2d at 203; *Woods v. State*, 152 S.W.3d 105, 113 (Tex. Crim. App. 2004). If testimonial, then admission of the hearsay statement violates a defendant's right to confrontation unless the defendant has the opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. at 68, 124 S.Ct. at 1374, 158 L.Ed.2d at 203. And, aside from proffering various examples of what constitutes testimonial statements, the Supreme Court left "for another day any effort to spell out a comprehensive definition of 'testimonial.'"[3] *Id.*

Yet, Texas courts which have addressed *Crawford* have helped to fill in the void. For instance, casual remarks spontaneously made to acquaintances were deemed non-testimonial by the Court of Criminal Appeals in *Woods*. *Woods v. State*, 152 S.W.3d at 113-14.[4] Also, in *Tyler v. State*, 14-04-0544-CR, 2005 Tex. App. LEXIS 4742 (Tex. App.–Houston [14th Dist.] June 21, 2005, no pet.) (involving a statement made to a policeman), the court opined that testimonial statements involve a declarant's knowing responses to structured questioning in an investigative environment or a courtroom setting where the declarant could reasonably expect that his responses could be used in future

---

[3]The examples given were 1) prior testimony at a preliminary hearing, before a grand jury, or at a former trial and 2) police interrogations. *Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177, 203 (2004). According to the Court, these were the modern proceedings with the closest link to the abuses against which the Confrontation Clause was directed. *Id.*

[4]In so concluding, that court cited two cases which apparently held that 1) comments made to loved ones or acquaintances were not the kind of memorialized, judicial-process evidence of which *Crawford* spoke, *United States v. Manfre*, 368 F.3d 832 (8th Cir. 2004), and statements to a neighbor that the declarant did not reasonably anticipate would be used at trial were non-testimonial in nature, *People v. Cervantes*, 118 Cal. App. 162, 12 Cal. Rptr. 3d 774 (App. 2d Dist. 2004). *Woods v. State*, 152 S.W.3d 105, 114 n.34 (Tex. Crim. App. 2004).

judicial proceedings. *Id.; see Mancilla v. State*, No. 05-03-01637-CR, 2005 Tex. App. LEXIS 3334 (Tex. App.–Dallas May 3, 2005, no pet.) (holding that the comment was non-testimonial because it was not made under circumstances that would lead an objective witness to believe that the utterance would be used in a future judicial proceeding). The *Tyler* court also noted that the answer turned not on the content of the statement but the procedure used to obtain it. *Id.*

Additionally, in *Ruth v. State*, No. 14-03-01158-CR, 2005 Tex. App. LEXIS 4729 (Tex. App.–Houston [14th Dist.] June 21, 2005, no pet.) (involving comments made during a 911 call), the court made several informative observations about the nature of testimonial statements. It viewed them as formal and official in nature, non-spontaneous, uninitiated by the declarant, and something other than replies to preliminary questions asked by an officer at the scene of a crime. *Id.*; *accord, Spencer v. State*, No. 14-04-0059-CR, 2005 Tex. App. LEXIS 3162 (Tex. App.–Houston [14th Dist.] April 28, 2005, no pet.). Additionally, much depended upon the circumstances of each case, and because the circumstances in *Ruth* did not suggest that the call was anything other than a typical 911 call wherein the caller summons the police, the comments were deemed non-testimonial. *Ruth v. State*, *supra*.

Common among each of these cases is the notion that the circumstances surrounding the utterance are pivotal in assessing whether or not it is testimonial. Such indicia as 1) to whom it was made, 2) was it volunteered or solicited, 3) was it uttered during casual conversation, a formal legal proceeding or an investigation, and 4) when it was made are worthy of consideration. And, upon our consideration of them in light of the record at bar, we cannot but hold the comments to be non-testimonial. This is so because

4

they were made to an acquaintance or prospective relative (Shasta's future sister-in-law) within hours after the infant died. That they were so made after the death permits one to infer that they were not part of some grand jury investigation, deposition or legal or judicial proceeding. Moreover, nothing of record indicates that the witness was working for the police or the prosecutor, sought to obtain information on behalf of the police or State, or sought to obtain information to use against Shasta or her brother at some later judicial proceeding.

Simply put, the relationship between the declarant and the witness, the time of the utterance, and the lack of any indicia suggesting that Shasta could have reasonably inferred that the statement would be used in a legal proceeding involving appellant compel us to reject the notion that appellant was denied his right of confrontation. Thus, *Crawford* does not require us to arrive at an outcome different from the one we initially reached.

The judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Publish.