NO. 07-06-0360-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 11, 2007

_____

CLARENCE M. BOYD, JR.

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409,674; HON. BRAD UNDERWOOD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.

Clarence M. Boyd, Jr. was convicted of aggravated robbery and given a life sentence. In challenging the conviction, he argues that 1) the evidence was factually insufficient to support the verdict due to the unreliable in-court identification, and 2) the court erred in admitting testimony from Brandi Anderson about what was said in her presence after the robbery because it denied appellant his right of confrontation. We overrule the issues and affirm the judgment.

*Background*

On July 1, 2005, Darla Reno and her husband Roger were working at the Dalton Floors store in Lubbock which they managed. Jarrod Hull was also employed at the store. Around 11:30 a.m., a black man, later identified as appellant, entered the store and asked Darla about carpet measurements. She directed the man to Roger who was behind the counter. As Roger began to calculate the measurements, appellant pulled a gun on Roger and demanded cash which Roger gave him from the cash drawer. Appellant then asked for the "other money." Under the counter were two other bags. One of those bags contained overflow money and the other one was a "dummy bag." Roger gave the dummy bag to appellant who then asked for the other money. At that point, Roger suspected someone who worked at the store was involved. Roger gave appellant the overflow bag, and appellant left.

Several days after the robbery, Brandi Anderson made a phone call to Roger during which she told him she had been in the parking lot of an apartment complex when she heard appellant and Jarrod talking about taking money from the store. She also told Roger that after the robbery, Jarrod had come back to the apartment complex looking for appellant in order to split the proceeds of the robbery.[1]

*Issue 1 - Factual Sufficiency of the Evidence*

Appellant initially contends that the evidence is factually insufficient to support the identification of him as the perpetrator of the charged offense. The standard by which we

---

[1]Appellant's girlfriend, who was a friend of Brandi, testified that Brandi was never in a position to have heard the alleged conversation between Jarrod and appellant and that Jarrod never came to her apartment looking for appellant as Brandi testified.

review factual sufficiency challenges is set forth in *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to that opinion. And, in considering that standard, we overrule the issue.

Neither Darla nor Roger were able to identify appellant in a photo spread prior to trial. Nor did Darla identify appellant at trial as the robber. However, Roger did, and in doing so, he testified that he had looked at appellant's face and that he was "100 percent sure" . . . "[b]ecause you don't forget somebody that puts a gun on you." He also explained his inability to identify appellant in the photo spread because "[n]ot everybody photographs the same as they look in person." In short, Roger's in-court identification was unequivocal. That he could not remember what shirt or pants the robber wore or that his identification was not made until approximately eleven months after the event go to the weight and credibility of the identification, which, in turn, is for the jury to determine. *Sosa v. State,* 177 S.W.3d 227, 230 (Tex. App.–Houston [1st Dist.] 2005, no pet.) (holding that the contention that an identification was unreliable because the intruder wore a mask goes to the witness' credibility); *Harvey v. State,* 3 S.W.3d 170, 175 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd) (holding that the argument that the witness did not have the time, opportunity, or emotional wherewithal to get a good look at the gunman went to the weight of the evidence and the credibility of the witness). And, a verdict is not rendered factually insufficient simply because the jury resolved those credibility issues against the accused. *Harvey v. State*, 3 S.W.3d at 175.

We further note that a police officer was allowed to testify that Jarrod identified appellant as the robber from a photo spread and that Brandi identified appellant as one of

the persons having a discussion about taking money from the store. Appellant contends that no weight should be assigned this evidence because Jarrod was an accomplice and Brandi was a felon attempting to obtain a reward for her testimony. Yet, those matters too are for the jury to weigh in determining the credibility of those witnesses. *See Wesbrook v. State,* 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (holding that the jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony). And, when considering both their testimony and the applicable standard of review, we cannot say that the evidence of guilt was weak or overwhelmed by contrary evidence. In short, the verdict enjoys the support of factually sufficient evidence.[2]

*Issue 2 - Confrontation Clause*

Appellant next complains of the decision to admit Brandi's reiteration of what Jarrod said after the robbery about wanting his share of the money. This decision purportedly denied him his right of confrontation.[3] We overrule the issue.

In determining whether one has been denied his right of confrontation, we must determine whether the statement is testimonial or non-testimonial. *Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177, 203 (2004). If

---

[2]Pending before the court are two motions requesting that we assist appellant in securing effective assistance of counsel. Appellant asserts that his appellate counsel was defective because he failed to question the legal sufficiency of the evidence supporting guilt. Yet, having found the evidence to be factually sufficient, we implicitly found it legally sufficient as well. *See Jones v. State,* No. 07-06-0244-CR, 2006 Tex. App. LEXIS 9684 at *4 n.1 (Tex. App.–Amarillo November 8, 2006, no pet.) (not designated for publication). Thus, counsel cannot be faulted for omitting the topic. Appellant also criticizes his appellate counsel for failing to assert that in allowing the police officer to reiterate Jarrod's identification of appellant as the robber, appellant was denied his right of confrontation. This argument too lacks merit since no one at trial objected to the testimony on that basis. Thus, the contention was waived. *Reyna v. State,* 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (stating that an objection on the grounds of hearsay fails to preserve a complaint of violation of the confrontation clause). Given that they lack basis, the motions are overruled.

[3]Appellant also objected to the statement during trial as hearsay. However, the State proffered the comment as a statement against interest. More importantly, he does not argue on appeal that the utterance fell outside that exception to the hearsay rule.

4

testimonial, then admission of the hearsay statement violated a defendant's right to confrontation unless the defendant had the opportunity to cross-examine the declarant. *Id.* Next, statements are testimonial when they are akin to1) *ex parte* in-court testimony or its functional equivalent such as affidavits, custodial examinations, or prior testimony that the defendant was unable to cross-examine, 2) pretrial statements that the declarant would expect to be used in a prosecution, 3) extra-judicial statements in formalized materials such as affidavits, depositions, prior testimony, or confessions, or 4) statements made under circumstances that would lead an objective witness to believe that the statement would be used in a future judicial proceeding. *Wall v. State,* 184 S.W.3d 730, 735 (Tex. Crim. App. 2006). Indicia surrounding the utterance which should be considered include 1) to whom it was made, 2) whether it was volunteered or solicited, 3) the setting in which the utterance was made, and 4) the time it was made. *Flores v. State,* 170 S.W.3d 722, 724 (Tex. App.–Amarillo 2005, pet. ref'd).

Here, Jarrod's comment about looking for appellant to retrieve his portion of the stolen money could reasonably be deemed as against Jarrod's interests and not one which the declarant would want others to hear. Nor was it said under oath, at any trial, during any pretrial proceeding, or during discovery. Rather, the words were volunteered to appellant's girlfriend during a conversation in an apartment while explaining why the declarant sought appellant after the robbery. Finally, nothing of record suggests that the information was part of a conversation involving an attempt to obtain evidence for use in a later prosecution. Given these indicia, we cannot say that the trial court's decision to overrule the reiteration non-testimonial fell outside the zone of reasonable disagreement.

The judgment of the trial court is affirmed.

Per Curiam

Do not publish.