**Willie Ray CRAWFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–03–01489–CR.**

Court of Appeals of Texas, Dallas.

July 19, 2004.

Gary A. Udashen, Sorrels & Udashen, Dallas, for appellant.

William T. (Bill) Hill, Jr., District Attorney, Appellate Section, Patricia Poppoff Noble, Assistant District Attorney, Dallas, for state.

Before Chief Justice THOMAS and Justices MORRIS and LAGARDE.[1]

## OPINION

Opinion by Justice LAGARDE.

In this appeal of his sexual assault conviction by a jury, appellant Willie Ray Crawford presents a sole issue: whether the trial court erred in allowing a Dallas police officer to testify concerning statements made to him by the complainant.[2]

---

1. The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

2. Appellant was indicted for sexual assault by penetration of the female sexual organ of the complainant, a child, by the sexual organ of appellant. Two additional paragraphs alleging prior convictions were alleged for en-

As a basis for reversal, appellant relies exclusively on the recent United States Supreme Court case of *Crawford v. Washington,* — U.S. ——, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), in contending he was denied his right of confrontation based on the Sixth and Fourteenth Amendments. U.S. CONST. amends. VI and XIV. For the reasons that follow, we affirm.

The complainant was present and testified at trial. At the time of the offense, appellant was the boyfriend of the fifteen-year-old complainant's mother and was known to the complainant as "Paw-paw." The sexual assault occurred in a motel room following the funeral of appellant's daughter, which the complainant had attended with appellant. On the way home, appellant told the complainant he wanted to stop at a motel where he was staying before he took her back to her aunt's house. The complainant went into appellant's motel room to use the bathroom. As she was walking out the door, appellant pushed her onto the bed, tore her panties and dress off, held her by the throat and choked her when she tried to scream, while he penetrated her vagina with his penis. After the assault, when appellant went to his car to get the complainant a soda, she dressed and fled the scene. From a pay telephone complainant called 911 before accepting a ride with a passer-by who drove her to her aunt's home. The complainant made a second telephone call to the police from her aunt's house.

Dallas police officer Jose Aranda received both of the complainant's calls and, in response, went to her aunt's house during the early morning hours. There he found the complainant who was still upset and appeared to have been crying. She told Aranda she had been sexually assaulted at a motel by her mother's boyfriend.

The specific testimony about which appellant complains occurred during the direct examination of Aranda by the prosecutor:

Q. Now, do you remember getting a call during the early morning hours of September 14th, 2002?

A. Yes, sir, I do.

Q. What was the nature of that call?

A. It was a sexual assault.

Q. Did you meet a young lady named A— N——?

Q. Yes, I did.

\* \* \*

Q. Now, when you first talked to Ms. N—— can you describe what her emotional condition was like?

A. She was upset. You could tell she had been crying, eyes red, stuff like that.

Q. Did you get a chance to talk to her about-without going into specifics, did you talk to her about what happened to her earlier that night?

A. Yes. She had been-she said she had been sexually assaulted at a motel.

[DEFENSE COUNSEL]: Objection; hearsay, Your Honor, what she's saying. Objection; hearsay.

THE COURT: Sustained.

Q. [PROSECUTOR] At the time you talked to her she was excited, yes?

A. Slightly, yes, sir.

Q. The things that she told you, the things she was telling you about,

---

hancement of punishment. Following the jury's guilty verdict, appellant pleaded true to the prior convictions and the trial court set appellant's punishment at life confinement and a $10,000 fine. Because a fine is not included within the range of punishment for the offense of which appellant was convicted, *see* TEX. PEN.CODE ANN. § 12.42(d) (Vernon Supp.2004), that portion of the sentence is void. On our own motion, therefore, we modify the judgment by deleting the fine. We affirm the judgment as modified.

were they the source of why she was excited?

A. Yes, sir.

Q. When she was telling you these things was she still under the stress or excitement of that startling condition or event?

A. Yes, sir.

Q. In that state what did she tell you about what happened?

A. She said she had been sexually assaulted at a motel on Illinois Avenue.

Q. At that time did she tell you who was the person that had done it?

A. Yes, sir. She knew him by name.

Q. What did she say?

A. Wilson, something like that. She said it was her mother's boyfriend.

On appeal, appellant contends that under the holding in *Crawford*, his right to confrontation was denied because the complainant testified at trial and, therefore, was "not unavailable," and there was no prior opportunity to cross-examine her. In support of his argument, appellant cites that portion of *Crawford* which states, "Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Crawford*, 124 S.Ct. at 1374.

Initially, we note that appellant raises only a federal constitutional right to confrontation issue based on the Sixth and Fourteenth Amendments. *See Bunton v. State*, 136 S.W.3d 355, 368 (Tex.App.-Austin 2004, pet. filed) (citing *Pointer v. Texas*, 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965)). Therefore, for the same reasons set forth in *Bunton*, we do not review appellant's confrontation complaint under the state constitution.

Secondly, we note the record reflects no objection to the testimony, on any grounds, once the State established what it, and apparently the trial court, perceived to be a proper predicate for an excited utterance exception to the hearsay rule. *See* Tex.R. Evid. 803(2).

Generally, one must timely and specifically object to complained-of testimony to preserve error. *See* Tex.R.App. P. 33.1; *Bunton*, 136 S.W.3d at 368. Failure to object at trial waives even constitutional error. A defendant, in fact, waives his constitutional right to confront witnesses if he does not object at trial. *Bunton*, 136 S.W.3d at 368. Unlike Bunton, however, appellant does not argue that no waiver resulted from his failure to object because *Crawford* established a new federal constitutional rule and an objection would have been futile. *Id.* Moreover, even had appellant made such an argument, we agree with the Austin Court of Appeals that *Crawford* makes clear the federal constitutional right to confront one's accusers is neither new nor novel. *See id.* Thus, to preserve error appellant must have objected on constitutional grounds, which he did not. Thus, error not having been preserved, appellant has forfeited his complaint on appeal.

Even if error had been preserved, however, we conclude the holding in *Crawford* would not apply. Here, the declarant of the unobjected-to extrajudicial testimonial statement testified at trial. In *Crawford* the declarant claimed her spousal privilege and did not testify at trial. A careful reading of the *Crawford* opinion reveals that its holding applies only when the extrajudicial testimonial statements of a witness *who does not testify at trial* are sought to be admitted. The Court specifically states:

The historical record [of the Confrontation Clause] also supports a second

proposition: that the Framers [of the Constitution] would not have allowed admission of testimonial statements of a witness *who did not appear at trial* unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.... [T]he common law in 1791 conditioned admissibility of an absent witness's examination on unavailability and a prior opportunity to cross-examine. The Sixth Amendment therefore incorporates those limitations.

*Crawford,* 124 S.Ct. at 1365–66 (emphasis added).

Here appellant had the opportunity at trial to cross-examine the testifying complainant who was the declarant of the extrajudicial testimonial statement about which he complains. This factual distinction renders *Crawford* inapplicable, as reflected by the Court's comment:

> Finally, we reiterate that, *when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements.* [Citation omitted].... *The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.*

*Id.* at 1369 n. 9 (emphasis added).

In summary, we hold that the error asserted by appellant on appeal has not been preserved for our review by a timely and specific objection in the trial court. Moreover, even if it had been preserved for review, we would resolve the issue against appellant. The sole authority on which appellant relies simply does not apply when the declarant was available to, and did, testify at trial and was subject to cross-examination. The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it. *Id.*

For the reasons above, we resolve appellant's issue against him and affirm.