BLAY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-346-CR

ROBERT ARTHUR BLAY APPELLANT

V.

THE STATE OF TEXAS STATE 

------------

FROM THE COUNTY COURT OF YOUNG COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant Robert Arthur Blay appeals his conviction for possession of a gambling device.  In a single issue, he contends that his constitutional right to confront witnesses was violated by the admission of hearsay evidence.  We will affirm.

On March 18, 1999, in response to a complaint about illegal gambling, a Texas Alcoholic Beverage Commission (“TABC”) agent and a Young County 

Sheriff's Department deputy entered a club owned by appellant and saw a pool table with dice, playing cards, a drag stick, and several stacks of money on it. Although they saw several people standing around the table, they did not see anyone actually throwing dice or placing bets.  In response to questioning, some of the people inside the club, including appellant, claimed ownership of the money. 

Authorities charged appellant with keeping a gambling place in violation of section 47.04 of the penal code.  
See
 
Tex. Penal Code Ann.
 § 47.04 (Vernon 2003).  A jury found him guilty of possession of a gambling device, and the trial court ordered him to pay a $3500 fine, plus court costs.

In his sole issue, appellant contends that his constitutional right to confront witnesses was violated by the admission of the TABC agent’s testimony about the statements made to him by other club patrons.  

Appellant made a hearsay objection when the State asked the agent: “And did these folks tell you in [appellant’s] presence also how they came to learn about where you go to gamble?”  The court overruled the objection, and the agent replied, “Yes, they did.”  Appellant again made a hearsay objection, which the court overruled.  The court clarified its ruling by stating that it was “only going to allow it in for the purpose of its effect on the police officer as far as his investigation goes . . . not . . . for the truth of the matter asserted” and instructed the jury accordingly.  When the State resumed questioning the agent, it asked, ”Now, based on what they told you, as well as what you observed, did you form an opinion as to whether or not gambling had been taking place?”  The agent then testified that, in his opinion, “gambling was taking place inside the premises.” 

An objection in the trial court that does not comport with the complaint on appeal preserves nothing for appellate review.  
Tex. R. App. P.
 33.1; 
see also Goff v. State
, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996).  A simple hearsay objection does not preserve a confrontation clause issue for appeal.
 Holland v. State
, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991); 
Judd v. State
,
 
923 S.W.2d 135, 139 (Tex. App.—Fort Worth 1996, pet. ref’d).  Rather, to preserve a confrontation clause issue for appellate review, a defendant must  raise a confrontation clause objection in the trial court.  
Crawford v. State
, 139 S.W.3d 462, 464 (Tex. App.—Dallas 2004, pet. ref’d); 
Bunton v. State
, 136 S.W.3d 355, 369 (Tex. App.—Austin 2004, pet. ref’d).

In this case, appellant did not raise a confrontation clause objection in the trial court.  Therefore, he did not preserve this issue for our review. Accordingly, we dismiss appellant’s sole issue and affirm the trial court’s judgment.

PER CURIAM

PANEL A: CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 May 19, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.