COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-346-CR
 
  
ROBERT 
ARTHUR BLAY                                                         APPELLANT
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE COUNTY COURT OF YOUNG COUNTY
 
------------
 
MEMORANDUM 
OPINION[1]
 
------------
        Appellant 
Robert Arthur Blay appeals his conviction for possession of a gambling device. 
In a single issue, he contends that his constitutional right to confront 
witnesses was violated by the admission of hearsay evidence. We will affirm.
        On 
March 18, 1999, in response to a complaint about illegal gambling, a Texas 
Alcoholic Beverage Commission (“TABC”) agent and a Young County Sheriff's 
Department deputy entered a club owned by appellant and saw a pool table with 
dice, playing cards, a drag stick, and several stacks of money on it. Although 
they saw several people standing around the table, they did not see anyone 
actually throwing dice or placing bets. In response to questioning, some of the 
people inside the club, including appellant, claimed ownership of the money.
        Authorities 
charged appellant with keeping a gambling place in violation of section 47.04 of 
the penal code. See Tex. Penal 
Code Ann. § 47.04 (Vernon 2003). A jury found him guilty of possession 
of a gambling device, and the trial court ordered him to pay a $3500 fine, plus 
court costs.
        In 
his sole issue, appellant contends that his constitutional right to confront 
witnesses was violated by the admission of the TABC agent’s testimony about 
the statements made to him by other club patrons.
        Appellant 
made a hearsay objection when the State asked the agent: “And did these folks 
tell you in [appellant’s] presence also how they came to learn about where you 
go to gamble?” The court overruled the objection, and the agent replied, 
“Yes, they did.” Appellant again made a hearsay objection, which the court 
overruled. The court clarified its ruling by stating that it was “only going 
to allow it in for the purpose of its effect on the police officer as far as his 
investigation goes . . . not . . . for the truth of the matter asserted” and 
instructed the jury accordingly. When the State resumed questioning the agent, 
it asked, ”Now, based on what they told you, as well as what you observed, did 
you form an opinion as to whether or not gambling had been taking place?” The 
agent then testified that, in his opinion, “gambling was taking place inside 
the premises.”
        An 
objection in the trial court that does not comport with the complaint on appeal 
preserves nothing for appellate review. Tex. 
R. App. P. 33.1; see also Goff v. State, 931 S.W.2d 537, 551 (Tex. 
Crim. App. 1996). A simple hearsay objection does not preserve a confrontation 
clause issue for appeal. Holland v. State, 802 S.W.2d 696, 700 (Tex. 
Crim. App. 1991); Judd v. State, 923 S.W.2d 135, 139 (Tex. App.—Fort 
Worth 1996, pet. ref’d). Rather, to preserve a confrontation clause issue for 
appellate review, a defendant must raise a confrontation clause objection in the 
trial court. Crawford v. State, 139 S.W.3d 462, 464 (Tex. App.—Dallas 
2004, pet. ref’d); Bunton v. State, 136 S.W.3d 355, 369 (Tex. 
App.—Austin 2004, pet. ref’d).
        In 
this case, appellant did not raise a confrontation clause objection in the trial 
court. Therefore, he did not preserve this issue for our review. Accordingly, we 
dismiss appellant’s sole issue and affirm the trial court’s judgment.
   
                                                                  PER 
CURIAM
 
 
 
PANEL 
A:   CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. 
(Retired, Sitting by Assignment).
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 19, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.