COURT 
OF APPEALS
                                       
SECOND DISTRICT OF TEXAS
                                                   
FORT WORTH
 
 
                                        
NO. 2-04-496-CR
 
 
RODERICK 
DUANE THOMPSON                                              
APPELLANT
A/K/A 
RODERICK THOMPSON
 
                                                   
V.
 
THE 
STATE OF TEXAS                                                                
STATE
 
                                              
------------
 
           
FROM THE 372ND DISTRICT COURT OF TARRANT 
COUNTY
 
                                              
------------
 
                                
MEMORANDUM 
OPINION[1]
 
                                              
------------

Appellant 
Roderick Duane Thompson appeals his conviction for sexual assault.  The grand jury indicted Appellant, 
charging him with aggravated sexual assault and the lesser included offense of 
sexual assault.  After convicting 
him of the lesser included offense of sexual assault, the jury assessed his 
punishment at twelve years= 
confinement.  The trial court 
sentenced Appellant accordingly.  In 
a single point, Appellant complains that he was deprived of his constitutional 
right to effective assistance of counsel.  
We affirm.
FACTUAL 
BACKGROUND
During 
the summer of 2003, Monica Lynn Bernard began having gatherings at her 
apartment.  The complainant, Luz 
Lopez, would attend these gatherings, as well as Ty Cornett, who lived at the 
apartment complex.  Cornett brought 
Appellant to Bernard=s 
apartment on approximately two or three occasions.  Appellant told Lopez that he was 
interested in her on the first visit and asked her for her phone number, but she 
told Appellant that she was not interested in having a relationship at the 
time.  Bernard testified that one 
day Appellant bragged about having a gun, stating that he could take care of 
things. Because she and Lopez felt uneasy around Appellant, she told Cornett not 
to bring Appellant to her apartment anymore. 
One 
night, Lopez was staying alone at Bernard=s 
apartment while Bernard was away in New Mexico.  At approximately 10:00 p.m., Cornett and 
Appellant knocked on the door, looking for Bernard.  Lopez informed them that Bernard was not 
home, and refused to allow them into the apartment.  Shortly thereafter, Lopez went to sleep 
in Bernard=s 
bedroom, and she was awakened around 2:00 a.m. to the sound of knocking on the 
window.  She looked through the 
blinds and saw Appellant standing outside.

Appellant 
asked Lopez if he could use the phone to call someone to pick him up, so she 
handed him the phone through the door.  
Appellant then showed Lopez a gun and entered the apartment.  He raped her, forcibly penetrating her 
vagina with his penis.  After he 
finished, Appellant told Lopez not to tell anyone because he knew where she 
lived and he Awould 
go crazy on [her].@  Lopez reported the rape to the police 
and subsequently identified Appellant as her attacker. 
DISCUSSION
Appellant 
contends that he was deprived of his constitutional right to effective 
assistance of counsel because his trial counsel failed to object, thereby 
forfeiting Appellant=s 
right to confront witnesses against him, when the State presented the 
complainant=s 
accusatory statements that were made to a nurse.  He further complains that he received 
ineffective assistance of counsel because trial counsel did not object to 
extraneous offense evidence, primarily that Appellant bragged about having a gun 
and using it to Atake 
care of things.@ 
Finally, he complains that trial counsel failed to request the limiting 
instruction to which he was entitled.  
Appellant argues that the cumulative effect was prejudicial to the 
defense=s 
case because the jury was allowed unfettered discretion to consider character 
propensity as direct evidence of guilt. 
 

1. 
Standard of Review
To 
establish ineffective assistance of counsel, appellant must show by a 
preponderance of the evidence that his counsel=s 
representation fell below the standard of prevailing professional norms and that 
there is a reasonable probability that, but for counsel=s 
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d 
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62-63 
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex. 
Crim. App. 1999).  


In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each 
case.  Thompson, 9 S.W.3d at 
813.  The issue is whether counsel's 
assistance was reasonable under all the circumstances and prevailing 
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 
688-89, 104 S. Ct. at 2065.  Review 
of counsel=s 
representation is highly deferential, and the reviewing court indulges a strong 
presumption that counsel=s 
conduct fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; 
Mallett, 65 S.W.3d at 63.  A 
reviewing court will rarely be in a position on direct appeal to fairly evaluate 
the merits of an ineffective assistance claim.  Thompson, 9 S.W.3d at 
813-14.  AIn 
the majority of cases, the record on direct appeal is undeveloped and cannot 
adequately reflect the motives behind trial counsel=s 
actions.@  Salinas, 163 S.W.3d at 740 
(quoting Mallett, 65 S.W.3d at 63).  
To overcome the presumption of reasonable professional assistance, 
Aany 
allegation of ineffectiveness must be firmly founded in the record, and the 
record must affirmatively demonstrate the alleged ineffectiveness.  Salinas, 163 S.W.3d at 740 
(quoting Thompson, 9 S.W.3d at 813).
The 
second prong of Strickland requires a showing that counsel's errors were 
so serious that they deprived the defendant of a fair trial, i.e., a trial whose 
result is reliable.  Id. at 
687, 104 S. Ct. at 2064.  In other 
words, Appellant must show there is a reasonable probability that, but for 
counsel's unprofessional errors, the result of the proceeding would have been 
different.  Id. at 694, 104 
S. Ct. at 2068.  A reasonable 
probability is a probability sufficient to undermine confidence in the 
outcome.  Id.  The ultimate focus of our inquiry must 
be on the fundamental fairness of the proceeding whose result is being 
challenged.  Id. at 697, 104 
S. Ct. at 2070.
2. 
Waiver of Confrontation Clause Objection

Appellant 
first complains that his trial counsel provided ineffective assistance because 
trial counsel failed to object to an alleged Confrontation Clause 
violation.  The Sixth Amendment's 
Confrontation Clause provides that, A[i]n 
all criminal prosecutions, the accused shall enjoy the right . . . to be 
confronted with the witnesses against him.@  U.S. Const. amend. VI.  This procedural guarantee is applicable 
in both federal and state prosecutions.  
Pointer v. Texas, 380 U.S. 400, 406, 85 S. Ct. 1065, 1069 (1965). 
Appellant relies upon the holding of Crawford v. Washington, wherein the 
Supreme Court held that the Confrontation Clause bars the admission of 
testimonial statements of a witness who does not appear at trial, unless he is 
unavailable to testify and the defendant had a prior opportunity to 
cross‑examine him, regardless of whether such statements are deemed reliable by 
the trial court.  541 U.S. 36, 59, 
124 S. Ct. 1354, 1369 (2004).  
Generally, one must timely and specifically object to complained‑of 
testimony to preserve error.  See 
Tex. R. App. P. 33.1.
Appellant 
complains that counsel should have objected when the State presented the 
complainant=s 
accusatory statements made to a nurse in the course of the sexual assault 
examination.  He complains of the 
following testimony that the prosecutor elicited from the examining nurse: 


[Cornett 
and Appellant] had came to the door at that time and asked her what she was 
doing.  She said that she was just 
relaxing.  At that time point they 
went away.  Around 2:00, 2:30 in the 
morning, [Appellant] came back and knocked on the window and asked if he could 
use the phone to call a ride home.  
She went to the door, opened the door.  When she turned back around there was a 
gun in her face.  He told her to go 
inside.  He wanted her to go into 
bedroom at that time.  She said no. 
He asked her to be quiet and just cooperate with him.  He said he could do it the easy way or 
the hard way.  He asked her to 
undress.  She undressed.  And he told her he wanted to do it doggy 
style.  So she bent over the 
couch.  He put on a condom at that 
time, had sex with her.  And once he 
was finished, he said:  See 
it=s 
not that bad.  When he was getting 
ready to leave, he asked her not to tell anyone because he knew where she lived 
and he would get crazy on her.
 

We 
conclude that the holding in Crawford would not apply to the present 
case.  Here, the declarant of the 
unobjected‑to extrajudicial testimonial statement, Lopez, testified at 
trial.  In Crawford, the 
declarant claimed her spousal privilege and did not testify at trial.  Crawford, 541 U.S. at 40, 124 S. Ct. 
at 1357.  A close reading of 
Crawford reveals that its holding applies only when the extrajudicial 
testimonial statements of a witness who does not testify at trial are sought to 
be admitted.  Id. at 59, 124 
S. Ct. at 1369.  In Crawford, 
the Supreme Court stated that Awhen 
the declarant appears for cross‑examination at trial, the Confrontation Clause 
places no constraints at all on the use of his prior testimonial 
statements.@  Id. at 59 n.9, 124 S. Ct. at 
1369, n.9.  At trial, Lopez 
testified and Appellant had the opportunity to and, in fact, did cross-examine 
her; therefore, the reasoning of Crawford does not apply.  See Crawford v. State, 139 S.W.3d 
462, 465 (Tex. App.BDallas 
2004, pet. ref'd) (holding that testimonial hearsay was admissible when 
declarant testified at trial and was subject to cross‑examination).  Because this testimony was not 
objectionable in this instance, trial counsel=s 
performance was not deficient.  
Thus, we hold that trial counsel=s 
failure to object in this instance does not constitute ineffective assistance of 
counsel.
3. 
Failure to Object to and Limit Extraneous Offense Testimony
Appellant 
also complains that his trial counsel provided ineffective assistance because he 
failed to object to and request a limiting instruction for the extraneous 
offense testimony that was admitted at trial.  Specifically, Appellant complains about 
trial counsel=s 
failure to object to Bernard=s 
testimony that on some occasions she, Cornett, and Appellant had smoked 
marijuana and her testimony that Appellant had bragged about having a gun. He 
further attacks trial counsel=s 
failure to object when Cornett testified that Appellant said he had a gun.  He asserts that trial counsel was 
ineffective because he did not seek a limiting instruction as to the limited 
purpose of any extraneous offenses when the jury received the court=s 
instructions at the close of evidence on guilt/innocence.  See Tex. R. Evid. 105(a). 


The 
State counters that the record is not sufficiently developed for this court to 
review Appellant=s 
claims.  Citing Heiman v. 
State, the State contends that the failure to object to extraneous offense 
evidence or request a limiting instruction can constitute a plausible trial 
strategy.  See 923 S.W.2d 
622, 626 (Tex. App.BHouston 
[1st Dist.] 1995, pet. ref=d).  The State argues that trial counsel 
probably revisited the testimony about the gun on cross-examination in an 
attempt to cast doubt upon the credibility of the witnesses who testified that 
Appellant admitted to possessing the weapon.  
Extraneous 
acts are generally inadmissible at the guilt/innocence stage of a trial.  See Tex. R. Evid. 404(b) (stating 
that Aevidence 
of other crimes, wrongs or acts is not admissible to prove the character of a 
person in order to show action in conformity therewith@).  A defendant is entitled to be tried on 
the accusations made in the State's pleading, and he should not be tried for 
some collateral crime or for being a criminal generally.  Ex Parte Varelas, 45  S.W.3d 627, 630 (Tex. Crim. App. 
2001).  The trial court is required 
to instruct the jurors about the limits on their use of that extraneous act, if 
the defendant so requests.  
Id. at 631. 
Furthermore, 
when the State is permitted to introduce evidence of the defendant's extraneous 
acts for a limited purpose, the defendant also has the burden of requesting an 
instruction limiting consideration of those acts.  Id.; Abdnor v. State, 808 
S.W.2d 476, 478 (Tex. Crim. App. 1991).  
The trial court errs if it fails to give a limiting instruction when 
requested to do so by the defendant.  
Varelas, 45 S.W.3d at 631.

A 
substantial risk of failure accompanies a claim of ineffective assistance of 
counsel on direct appeal because the record is generally undeveloped and cannot 
adequately reflect the failings of trial counsel.  See Thompson, 9 S.W.3d at 813-14; 
McCullough v. State, 116 S.W.3d 86, 92 (Tex. App.CHouston 
[14th Dist.] 2001, pet. ref'd.).  
Therefore, it is critical that the defendant obtain the necessary record 
in the trial court to rebut the Strickland presumption that counsel's 
conduct was strategic.  
Thompson, 9 S.W.3d at 814; McCullough, 116 S.W.3d at 
92.  This kind of record is best 
developed in a hearing on a motion for new trial, or by application for a writ 
of habeas corpus.  See Jackson v. 
State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); McCullough, 116 
S.W.3d at 92.  Without evidence of 
the strategy and methods involved concerning counsel's actions at trial, the 
appellate court will presume sound trial strategy.  See Thompson, 9 S.W.3d at 814. 


Appellant 
contends that the present case is on par with Varelas, but we find 
Varelas to be distinguishable.  
See 45 S.W.2d at 630.  
In Varelas, a habeas proceeding, trial counsel provided the court 
of criminal appeals with an affidavit stating that his failure to request a 
limiting instruction was due to his oversight and not the result of trial 
strategy.  Id.  We have no such evidence in the case at 
bar reflecting the reasoning behind trial counsel=s 
decision not to request a limiting instruction.  Thus, the record does not reflect that 
trial counsel lacked a plausible professional reason for not requesting a 
limiting instruction.  Because 
Appellant did not develop counsel=s 
alleged deficiency in his motion for new trial, the record is devoid of evidence 
of the strategy and methods guiding counsel=s 
actions at trial and we must presume a sound trial strategy.  We overrule Appellant=s 
sole point.
CONCLUSION
Having 
overruled Appellant=s 
sole point, we affirm the trial court=s 
judgment.
PER 
CURIAM
PANEL 
F:  HOLMAN, WALKER, and McCOY, 
JJ.
 
DO 
NOT PUBLISH
Tex. 
R. App. P. 
47.2(b)
 
DELIVERED:  December 8, 
2005




[1]See 
Tex. 
R. App. P. 
47.4.