02-10-150-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00150-CR

 

 


 
 
 Larry Burcham
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 213th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. Introduction

          A
jury found Appellant Larry Burcham guilty of aggravated robbery and, after
finding that the habitual offender allegation was true, assessed his punishment
at life in prison.  Burcham appeals, arguing that the trial court abused its
discretion by admitting evidence of his gang affiliation.  We will affirm.

II. Factual
and Procedural Background

          Burcham
and a group of four other men conspired to rob a drug dealer named Michael
Davis.  That evening, a member of the group, Justin Hicks, knocked on the door
of Davis’s apartment.  Tawanda Lewis, Davis’s girlfriend, answered the door and
was shot in the head and killed by one of the robbers.  There was an exchange
of gunfire, during which Hicks was injured.  One of the robbers jumped on
Davis, threatened him, and then shot him in the head before the robbers fled
the residence with a small safe.  Witnesses saw Burcham run through a gap in a
fence separating the victim’s apartment complex from a neighboring complex and
get into the passenger side of a white pickup before it drove off.  Shortly
afterward, police pulled over a white pickup, and Burcham and the driver, Matthew
Morgan, were arrested.

The
jury found Burcham guilty of aggravated robbery.  During the punishment phase
of the trial, the State introduced evidence of Burcham’s involvement in a
gang.  Fort Worth Police Officer Patrick Marx testified that he had arrested
Burcham on a prior incident unrelated to the present case and that Burcham had
volunteered that he was “AB” as an excuse for his possession of a handgun. 
Officer Marx also testified that he knew “AB” stood for Aryan Brotherhood.  Burcham
objected that his statement to Officer Marx was made as a result of a custodial
interrogation; the trial court overruled his objection.

          Fort
Worth Police Officer Joseph Farah testified that he personally knew of Burcham
before the events at issue in the present case from his work in the police
department’s gang unit.  Officer Farah said that Burcham was a member of the
Aryan Brotherhood of Texas.  Officer Farah explained that the Aryan Brotherhood
is a criminal enterprise that promotes prostitution, distributes narcotics both
inside and outside of Texas prisons, and engages in organized identity theft
and burglary.  Burcham objected to Officer Farah’s testimony on both hearsay
and relevancy grounds, and the trial court overruled his objections.  The State
then offered into evidence a photograph of Burcham with other Aryan Brotherhood
of Texas members.  Burcham objected that the photograph contained hearsay statements
and was irrelevant, that its admission would violate his right to confront the
individuals depicted in the photograph, and that it attempted to show his guilt
by association with the individuals depicted in the photograph.  The trial
court overruled his objections but ordered that the prosecutor’s notes at the
bottom of the photograph be cut off.  The State also introduced into evidence,
over Burcham’s authenticity objection, a “Blind Faith Commitment” contract,
signed by Burcham, in which Burcham proclaimed his life-long membership in the
Aryan Brotherhood of Texas.

III. Evidence
of Gang Membership

          In
his sole point, Burcham argues that evidence of his gang membership,
specifically, Officer Farah’s testimony about the activities of the Aryan Brotherhood,
was improperly admitted at the punishment phase of his trial.  Burcham
complains that the testimony was not offered for the limited purpose of
demonstrating his bad character, that there was no evidence that he acted to
further any illegal aims of the gang, and that its admission violated his right
to confrontation.  We will address each of these arguments in turn.

A.
Standard of Review

          A
trial court’s ruling admitting or excluding evidence is reviewed for an abuse
of discretion.  See State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App.
2006).  The ruling will be upheld if it is reasonably supported by the record
and is correct under any applicable legal theory.  Id.  

B.
Evidence of Gang’s Activities Generally

          Article
37.07, section 3(a) of the Texas Code of Criminal Procedure governs the
admissibility of evidence during the punishment phase of a non-capital case.  Sims
v. State, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008); see Tex. Code.
Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West 2007).  Article 37.07, section
3(a) provides that 

evidence may be
offered by the state and the defendant as to any matter the court deems
relevant to sentencing, including but not limited to . . . [the defendant’s]
general reputation, his character, an opinion regarding his character, . . .
and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other
evidence of an extraneous crime or bad act that is shown beyond a reasonable
doubt by evidence to have been committed by the defendant or for which he could
be held criminally responsible, regardless of whether he has previously been
charged with or finally convicted of the crime or act.

  

Tex.
Code. Crim. Proc. Ann. art. 37.07, § 3(a)(1).  

Evidence
of a defendant’s gang membership may be relevant and admissible at the
punishment stage of a trial to show the character of the accused.  Jones v.
State, 944 S.W.2d 642, 652–53 (Tex. Crim. App. 1996), cert. denied,
522 U.S. 832 (1997); Beasley v. State, 902 S.W.2d 452, 456 (Tex. Crim.
App. 1995).  Evidence of gang membership allows the jury to make an informed
decision regarding the character of the guilty party when determining the
appropriate punishment to assess.  See Anderson v. State, 901 S.W.2d 946,
950 (Tex. Crim. App. 1995).

          Once
evidence of gang membership is established, the prosecution must then present
to the jury evidence of the activities of the gang generally.  See Beasley,
902 S.W.2d at 456; Anderson, 901 S.W.2d at 950 (“Although relevant, gang
membership alone would be meaningless to a jury which has no knowledge of the
gang’s purpose or activities.”).  “It is essential for the jury to know the
types of activities the gang generally engages in so that they can determine if
[the defendant’s] gang membership is a positive or negative aspect of his character,
and subsequently his character as a whole.”  Beasley, 902 S.W.2d at 456. 
It is not necessary to link the accused to the bad acts or misconduct
generally engaged in by gang members, so long as the jury is (1) provided with
evidence of the defendant’s gang membership, (2) provided with evidence of the character
and reputation of the gang, (3) not required to determine if the defendant
committed the bad acts or misconduct, and (4) only asked to consider reputation
or character of the accused.  Id. at 457.

          Here,
Burcham argues that the trial court violated the fourth Beasley factor
by allowing testimony regarding the general activities of the Aryan Brotherhood
because this evidence was not limited to consideration of his bad character and
could therefore be misconstrued by the jury as evidence of extraneous acts of
misconduct perpetrated by Burcham himself.  However, Burcham failed to raise
this argument in the trial court and, consequently, failed to preserve the
issue for our review.  See Tex. R. App. P. 33.1; Layton v. State,
280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009); Harris v. State, No. 02-03-00417-CR,
2005 WL 2100466, at *2 (Tex. App.—Fort Worth Aug. 31, 2005, no pet.) (mem. op.,
not designated for publication) (holding appellant’s relevancy objection failed
to preserve complaint that evidence failed to satisfy second Beasley
factor).  Moreover, the jury had already heard about Burcham’s involvement with
the Aryan Brotherhood through Officer Marx’s testimony; Burcham objected only
that the statements were the result of a custodial interrogation. 
Consequently, Officer Farah’s testimony about Burcham’s involvement with the
Aryan Brotherhood was merely cumulative of Officer Marx’s testimony.  See Brooks
v. State, 990 S.W.2d 278, 287 (Tex. Crim. App.) (holding that any error in
the admission of hearsay testimony was harmless in light of other properly
admitted evidence proving the same fact), cert. denied, 528 U.S. 956
(1999); Matz v. State, 21 S.W.3d 911, 912 (Tex. App.—Fort Worth 2000,
pet. ref’d).  We overrule this portion of Burcham’s sole point.

C. Furtherance of Gang’s Illegal Aims

          Burcham
also argues that the evidence of his gang membership was inadmissible because
no evidence showed that he actually participated in, or attempted to further some
illegal aim of the Aryan Brotherhood.  He argues that the evidence showed only
that he was a probationary member, and he contends, without detail or analysis,
that the evidence “fails to meet the standard articulated in United States
v. Lemon, 723 F.2d 922 (D.C. Cir. 1983), and applied in Fuller v.
State, 829 S.W.2d 191 (Tex. Crim. App. 1992)[, cert. denied, 508
U.S. 941 (1993), overruled on other grounds by Castillo v. State, 913
S.W.2d 529 (Tex. Crim. App. 1995)].”  

Lemon
holds that evidence of a defendant’s alleged association with a certain group
is inadmissible unless the evidence is sufficient to establish that the
defendant intended to further the organization’s illegal aims.  723 F.2d at
941.  In Fuller, the court of criminal appeals applied Lemon and
held that the “inarticulate and rambling testimony” of a single witness that
the defendant once mentioned the gang in conversation and “that he might have
expected it to furnish him protection while in prison” was insufficient to
prove his membership in the gang.  Fuller, 829 S.W.2d at 197–98. 

In
this case, Officer Farah testified that the “Blind Faith Commitment” form
signed by Burcham and introduced into evidence showed that he was a prospect in
the Aryan Brotherhood, meaning “somebody who is not a made member” who goes
through a probationary period before the members vote to make him a member. 
Although the commitment form established that Burcham was only a “prospect,” in
the document, Burcham agreed “to follow any/all orders given to [him] without
hesitation” and acknowledged that he could not disassociate himself with the
gang and that “membership is for Life!!!!!!”  The commitment form thus
established Burcham’s intent to further, and approval of, the Aryan Brotherhood’s
illegal activities.  Further, Officer Farah testified that he personally knew
of Burcham and that Burcham was a member of the Aryan Brotherhood, and Officer
Marx testified that Burcham told him directly that he was “AB,” meaning Aryan
Brotherhood.  A photograph introduced into evidence showed Burcham posing with
almost twenty other men making the same sign with their hands; Officer Farah
testified that he knew several of the men in the photograph to be members of
the Aryan Brotherhood and that the hand sign that the men were displaying was a
sign for that organization.  Consequently, because the evidence showed that
Burcham intended to further the illegal aims of the Aryan Brotherhood, we
overrule this portion of his sole point.  Cf. id.

D.
Constitutionality of Officer Farah’s Testimony

          In
the remainder of his sole point, Burcham contends that Officer Farah’s
testimony violated his Sixth Amendment right to confront the witnesses against
him.  Specifically, Burcham argues that Officer Farah testified “summarizing
what non-testifying, non-present, and largely unknown and unidentified persons,
purported to be members of the Aryan Brotherhood, would have to say about gang
activities.”

          To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Layton, 280
S.W.3d at 238–39.  Generally, constitutional errors are forfeited by failure to
object at trial.  Curry v. State, 910 S.W.2d 490, 496 & n.2 (Tex.
Crim. App. 1995); Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App.
1990).  

At
trial, Burcham only raised a confrontation objection to the introduction of a
photograph of him with other Aryan Brotherhood members, not to Officer Farah’s
testimony about the Aryan Brotherhood’s activities.  Burcham did make timely
objections to Officer Farah’s testimony on relevancy and hearsay grounds, but
hearsay objections “are neither synonymous nor necessarily coextensive” with
Confrontation Clause objections.  Bunton v. State, 136 S.W.3d 355, 368
(Tex. App.—Austin 2004, pet. ref’d).  Because Burcham did not raise a
Confrontation Clause objection to Officer Farah’s testimony at trial, he
forfeited his complaint on appeal.  See Curry, 910 S.W.2d at 496 &
n.2; Briggs, 789 S.W.2d at 924; Crawford v. State, 139 S.W.3d
462, 464 (Tex. App.—Dallas 2004, pet. ref’d).  We overrule the remainder of
Burcham’s sole point.

IV. Conclusion

          Having
overruled Burcham’s sole point, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
WALKER, MCCOY,
and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 28, 2011









[1]See Tex. R. App. P. 47.4.