

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00150-CR

LARRY BURCHAM                                                        APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

A jury found Appellant Larry Burcham guilty of aggravated robbery and, after finding that the habitual offender allegation was true, assessed his punishment at life in prison. Burcham appeals, arguing that the trial court abused its discretion by admitting evidence of his gang affiliation. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Burcham and a group of four other men conspired to rob a drug dealer named Michael Davis. That evening, a member of the group, Justin Hicks, knocked on the door of Davis's apartment. Tawanda Lewis, Davis's girlfriend, answered the door and was shot in the head and killed by one of the robbers. There was an exchange of gunfire, during which Hicks was injured. One of the robbers jumped on Davis, threatened him, and then shot him in the head before the robbers fled the residence with a small safe. Witnesses saw Burcham run through a gap in a fence separating the victim's apartment complex from a neighboring complex and get into the passenger side of a white pickup before it drove off. Shortly afterward, police pulled over a white pickup, and Burcham and the driver, Matthew Morgan, were arrested.

The jury found Burcham guilty of aggravated robbery. During the punishment phase of the trial, the State introduced evidence of Burcham's involvement in a gang. Fort Worth Police Officer Patrick Marx testified that he had arrested Burcham on a prior incident unrelated to the present case and that Burcham had volunteered that he was "AB" as an excuse for his possession of a handgun. Officer Marx also testified that he knew "AB" stood for Aryan Brotherhood. Burcham objected that his statement to Officer Marx was made as a result of a custodial interrogation; the trial court overruled his objection.

Fort Worth Police Officer Joseph Farah testified that he personally knew of Burcham before the events at issue in the present case from his work in the

2

police department's gang unit. Officer Farah said that Burcham was a member of the Aryan Brotherhood of Texas. Officer Farah explained that the Aryan Brotherhood is a criminal enterprise that promotes prostitution, distributes narcotics both inside and outside of Texas prisons, and engages in organized identity theft and burglary. Burcham objected to Officer Farah's testimony on both hearsay and relevancy grounds, and the trial court overruled his objections. The State then offered into evidence a photograph of Burcham with other Aryan Brotherhood of Texas members. Burcham objected that the photograph contained hearsay statements and was irrelevant, that its admission would violate his right to confront the individuals depicted in the photograph, and that it attempted to show his guilt by association with the individuals depicted in the photograph. The trial court overruled his objections but ordered that the prosecutor's notes at the bottom of the photograph be cut off. The State also introduced into evidence, over Burcham's authenticity objection, a "Blind Faith Commitment" contract, signed by Burcham, in which Burcham proclaimed his life-long membership in the Aryan Brotherhood of Texas.

### III. EVIDENCE OF GANG MEMBERSHIP

In his sole point, Burcham argues that evidence of his gang membership, specifically, Officer Farah's testimony about the activities of the Aryan Brotherhood, was improperly admitted at the punishment phase of his trial. Burcham complains that the testimony was not offered for the limited purpose of demonstrating his bad character, that there was no evidence that he acted to

3

further any illegal aims of the gang, and that its admission violated his right to confrontation. We will address each of these arguments in turn.

## A. Standard of Review

A trial court's ruling admitting or excluding evidence is reviewed for an abuse of discretion. *See State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). The ruling will be upheld if it is reasonably supported by the record and is correct under any applicable legal theory. *Id.*

## B. Evidence of Gang's Activities Generally

Article 37.07, section 3(a) of the Texas Code of Criminal Procedure governs the admissibility of evidence during the punishment phase of a non-capital case. *Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008); *see* Tex. Code. Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West 2007). Article 37.07, section 3(a) provides that

> evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to . . . [the defendant's] general reputation, his character, an opinion regarding his character, . . . and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex. Code. Crim. Proc. Ann. art. 37.07, § 3(a)(1).

Evidence of a defendant's gang membership may be relevant and admissible at the punishment stage of a trial to show the character of the

accused. *Jones v. State*, 944 S.W.2d 642, 652–53 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 832 (1997); *Beasley v. State*, 902 S.W.2d 452, 456 (Tex. Crim. App. 1995). Evidence of gang membership allows the jury to make an informed decision regarding the character of the guilty party when determining the appropriate punishment to assess. *See Anderson v. State*, 901 S.W.2d 946, 950 (Tex. Crim. App. 1995).

Once evidence of gang membership is established, the prosecution must then present to the jury evidence of the activities of the gang generally. *See Beasley*, 902 S.W.2d at 456; *Anderson*, 901 S.W.2d at 950 ("Although relevant, gang membership alone would be meaningless to a jury which has no knowledge of the gang's purpose or activities."). "It is essential for the jury to know the types of activities the gang generally engages in so that they can determine if [the defendant's] gang membership is a positive or negative aspect of his character, and subsequently his character as a whole." *Beasley*, 902 S.W.2d at 456. It is not necessary to link the accused to the bad acts or misconduct generally engaged in by gang members, so long as the jury is (1) provided with evidence of the defendant's gang membership, (2) provided with evidence of the character and reputation of the gang, (3) not required to determine if the defendant committed the bad acts or misconduct, and (4) only asked to consider reputation or character of the accused. *Id.* at 457.

Here, Burcham argues that the trial court violated the fourth *Beasley* factor by allowing testimony regarding the general activities of the Aryan Brotherhood

5

because this evidence was not limited to consideration of his bad character and could therefore be misconstrued by the jury as evidence of extraneous acts of misconduct perpetrated by Burcham himself. However, Burcham failed to raise this argument in the trial court and, consequently, failed to preserve the issue for our review. *See* Tex. R. App. P. 33.1; *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009); *Harris v. State*, No. 02-03-00417-CR, 2005 WL 2100466, at *2 (Tex. App.—Fort Worth Aug. 31, 2005, no pet.) (mem. op., not designated for publication) (holding appellant's relevancy objection failed to preserve complaint that evidence failed to satisfy second *Beasley* factor). Moreover, the jury had already heard about Burcham's involvement with the Aryan Brotherhood through Officer Marx's testimony; Burcham objected only that the statements were the result of a custodial interrogation. Consequently, Officer Farah's testimony about Burcham's involvement with the Aryan Brotherhood was merely cumulative of Officer Marx's testimony. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App.) (holding that any error in the admission of hearsay testimony was harmless in light of other properly admitted evidence proving the same fact), *cert. denied*, 528 U.S. 956 (1999); *Matz v. State*, 21 S.W.3d 911, 912 (Tex. App.—Fort Worth 2000, pet. ref'd). We overrule this portion of Burcham's sole point.

## C. Furtherance of Gang's Illegal Aims

Burcham also argues that the evidence of his gang membership was inadmissible because no evidence showed that he actually participated in, or

attempted to further some illegal aim of the Aryan Brotherhood. He argues that the evidence showed only that he was a probationary member, and he contends, without detail or analysis, that the evidence "fails to meet the standard articulated in *United States v. Lemon*, 723 F.2d 922 (D.C. Cir. 1983), and applied in *Fuller v. State*, 829 S.W.2d 191 (Tex. Crim. App. 1992)[, *cert. denied*, 508 U.S. 941 (1993), *overruled on other grounds by Castillo v. State*, 913 S.W.2d 529 (Tex. Crim. App. 1995)]."

*Lemon* holds that evidence of a defendant's alleged association with a certain group is inadmissible unless the evidence is sufficient to establish that the defendant intended to further the organization's illegal aims. 723 F.2d at 941. In *Fuller*, the court of criminal appeals applied *Lemon* and held that the "inarticulate and rambling testimony" of a single witness that the defendant once mentioned the gang in conversation and "that he might have expected it to furnish him protection while in prison" was insufficient to prove his membership in the gang. *Fuller*, 829 S.W.2d at 197–98.

In this case, Officer Farah testified that the "Blind Faith Commitment" form signed by Burcham and introduced into evidence showed that he was a prospect in the Aryan Brotherhood, meaning "somebody who is not a made member" who goes through a probationary period before the members vote to make him a member. Although the commitment form established that Burcham was only a "prospect," in the document, Burcham agreed "to follow any/all orders given to [him] without hesitation" and acknowledged that he could not disassociate

7

himself with the gang and that "membership is for Life!!!!!!"  The commitment form thus established Burcham's intent to further, and approval of, the Aryan Brotherhood's illegal activities.  Further, Officer Farah testified that he personally knew of Burcham and that Burcham was a member of the Aryan Brotherhood, and Officer Marx testified that Burcham told him directly that he was "AB," meaning Aryan Brotherhood.  A photograph introduced into evidence showed Burcham posing with almost twenty other men making the same sign with their hands; Officer Farah testified that he knew several of the men in the photograph to be members of the Aryan Brotherhood and that the hand sign that the men were displaying was a sign for that organization.  Consequently, because the evidence showed that Burcham intended to further the illegal aims of the Aryan Brotherhood, we overrule this portion of his sole point.  *Cf. id.*

### D. Constitutionality of Officer Farah's Testimony

In the remainder of his sole point, Burcham contends that Officer Farah's testimony violated his Sixth Amendment right to confront the witnesses against him.  Specifically, Burcham argues that Officer Farah testified "summarizing what non-testifying, non-present, and largely unknown and unidentified persons, purported to be members of the Aryan Brotherhood, would have to say about gang activities."

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request,

objection, or motion.  Tex. R. App. P. 33.1(a)(1); *Layton*, 280 S.W.3d at 238–39. Generally, constitutional errors are forfeited by failure to object at trial.  *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

At trial, Burcham only raised a confrontation objection to the introduction of a photograph of him with other Aryan Brotherhood members, not to Officer Farah's testimony about the Aryan Brotherhood's activities.  Burcham did make timely objections to Officer Farah's testimony on relevancy and hearsay grounds, but hearsay objections "are neither synonymous nor necessarily coextensive" with Confrontation Clause objections.  *Bunton v. State*, 136 S.W.3d 355, 368 (Tex. App.—Austin 2004, pet. ref'd).  Because Burcham did not raise a Confrontation Clause objection to Officer Farah's testimony at trial, he forfeited his complaint on appeal.  *See Curry*, 910 S.W.2d at 496 & n.2; *Briggs*, 789 S.W.2d at 924; *Crawford v. State*, 139 S.W.3d 462, 464 (Tex. App.—Dallas 2004, pet. ref'd).  We overrule the remainder of Burcham's sole point.

## IV. CONCLUSION

Having overruled Burcham's sole point, we affirm the trial court's judgment.


PER CURIAM

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 28, 2011

9