AFFIRM; Opinion Filed March 7, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-00005-CR

JEFFREY SHANE SWARTZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court
Rockwall County, Texas
Trial Court Cause No. 2-11-346

# MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion By Justice Moseley

A jury convicted Jeffrey Shane Swartz of causing injury to an elderly individual. *See* TEX. PENAL CODE ANN. § 22.04(a) (West Supp. 2012). He pleaded true to an enhancement allegation and the jury assessed punishment at fifteen years' imprisonment and a $10,000 fine. Swartz raises two issues on appeal: (1) the trial court erred by admitting the victim's written statement to police as a prior consistent statement; and (2) the admission of the statement violated his right to confrontation. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

While recuperating from surgery, Swartz was staying with the complainant, Shirley

McKnight, his seventy-seven year old grandmother. They had argued for several days because the air conditioning was not working in the house. McKnight testified that one morning she went into the kitchen and Swartz told her he had called adult protective services to get her out of the house. He then slapped her face and grabbed her phone when she reached for it and threw it across the room. He grabbed her and banged her head against the counter three times. McKnight escaped and ran to a neighbor's house.

McKnight testified she gave a written statement to police on the day of the assault and identified the document, although it was not offered in evidence at that time. Swartz's attorney cross-examined McKnight about her written statement. Defense counsel asked her whether she told the police everything that was in her statement and whether grabbing the phone out of her hand and slapping her face were important facts. McKnight stated on redirect that she included in her written statement that Swartz slapped her and grabbed the phone out of her hand.

After McKnight testified, the State called Deputy Michael Manning, who had taken McKnight's statement. On cross-examination, Manning said that McKnight never indicated to him that Swartz had grabbed the phone out of her hand. Manning identified McKnight's written statement on redirect and testified that McKnight said in her statement that Swartz grabbed the phone out of her hand and threw it. The State then offered the written statement as a prior consistent statement based on the cross-examination of McKnight and Manning. Swartz's only objection was hearsay, which the trial court overruled.

The written statement was offered to rebut an implied charge of recent fabrication or improper motive raised by Swartz's cross-examination of McKnight and Manning. Thus, the State contends it was not hearsay. *See* TEX. R. EVID. 801(e)(1)(B); *Hammons v. State*, 239 S.W.3d 798, 804–05 (Tex. Crim. App. 2007). However, Swartz argues that the State failed to satisfy the

requirement that the prior statement was made before the alleged motive to falsify arose. He contends there was evidence that McKnight knew Swartz wanted her out of the house.

On cross-examination, McKnight testified she suspected Swartz and his mother were trying to have her committed to get her out of the house. She testified she did not remember telling a neighbor that she was going to put Swartz away before he could put her away.

McKnight's testimony was unclear about when her suspicion arose and there was evidence she did not want Swartz to get into trouble. Moreover, McKnight did not call the police on the date of the incident and she had to be subpoenaed to testify at trial. In light of the record, we conclude the trial court's implied ruling that the statement was not hearsay is not outside the zone of reasonable disagreement. We conclude the trial court did not abuse its discretion by overruling the hearsay objection. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). We overrule Swartz's first issue.

Swartz's second issue complains that admission of the written statement violated his right of confrontation. Swartz did not raise this objection in the trial court and may not raise it for the first time on appeal. *See* TEX. R. APP. P. 33.1(a); *Crawford v. State*, 139 S.W.3d 462, 464 (Tex. App.—Dallas 2004, pet. ref'd). His counsel conceded at oral argument that the confrontation clause claim was not preserved for appeal. We overrule Swartz's second issue.

We affirm the trial court's judgment.

JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
120005F.U05

–3–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JEFFREY SHANE SWARTZ, Appellant

No. 05-12-00005-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 382nd Judicial District
Court of Rockwall County, Texas.
(Tr.Ct.No. 2-11-346).
Opinion delivered by Justice Moseley,
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered March 7, 2013.

_____
JIM MOSELEY
JUSTICE